## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTITUTION PIPELINE COMPANY, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | Docket No. _____ |
| A PERMANENT EASEMENT FOR 1.84 ACRES AND TEMPORARY EASEMENTS FOR 3.33 ACRES, IN NEW MILFORD TOWNSHIP, SUSQUEHANNA COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 127.00-1,063.00,000 | : | **Electronically Filed** |
| | : | |
| MICHAEL W. ZEFFER 1341 THREE LAKES ROAD NEW MILFORD, PA 18834 | : | |
| | : | |
| MARYANN ZEFFER 2131 THREE LAKES ROAD NEW MILFORD, PA 18834 | : | |
| | : | |
| PATRICIA M. GLOVER 974 TURKEY PEN ROAD LONGS, SC 29568 | : | |
| | : | |
| CATHERINE M. HOLLERAN 2749 STEPHENS ROAD NEW MILFORD, PA 18834 | : | |
| | : | |
| WPX ENERGY KEYSTONE, LLC C/O CT CORPORATION SYSTEM 2001 MARKET STREET – 5TH FLOOR 2 COMMERCE SQUARE PHILADELPHIA, PA 19103 | : | |

SOUTHWESTERN ENERGY      :
PRODUCTION COMPANY        :
C/O CT CORPORATION SYSTEM  :
116 PINE STREET, SUITE 320       :
HARRISBURG, PA 17101          :
                                   :
AND ALL UNKNOWN OWNERS,     :
                                   :
         Defendants.        :
                                   :
                                   :

## VERIFIED COMPLAINT IN CONDEMNATION OF PROPERTY PURSUANT TO FED. R. CIV. P. 71.1

Plaintiff, Constitution Pipeline Company, LLC, for its causes of action against Defendants, Permanent Easement for 1.84 Acres andTemporary Easements for 3.33 Acres, in New Milford Township, Susquehanna County, Pennsylvania, Tax Parcel Number 127.00-1,063.00,000, Michael W. Zeffer, Maryann Zeffer, Patricia M. Glover, Catherine M. Holleran, WPX Energy Keystone, LLC, Southwestern Energy Production Company and All Unknown Owners, states as follows:

1.     The following definitions are used in this Complaint:

(a)    **"Constitution"** shall mean Constitution Pipeline Company, LLC, a Delaware corporation with a principal place of business at 2800 Post Oak Boulevard, Houston, Texas 77056.

2

(b)    **"FERC"** shall mean the Federal Energy Regulatory

Commission.

(c)    **"FERC Order"** shall mean the Order issued by the FERC on

December 2, 2014 at Docket Nos. CP13-499-000 and CP13-502-000, 149 FERC

¶ 61,169 (2014), authorizing the Constitution Pipeline and Wright Interconnect

Projects and granting Constitution a certificate of public convenience and

necessity.[1]

(d)    **"Project"** shall mean the Constitution Pipeline and Wright

Interconnect Projects which were reviewed and approved by the FERC by its

issuance of the FERC Order.

(e)    **"Property"** shall mean:

That property in New Milford Township, Susquehanna County,

Pennsylvania, described in a Deed dated February 7, 1996, recorded in the Office

of Recorder of Deeds of Susquenna County at Book 525, Page 28, and known as

Tax Parcel Number 127.00-1,063.00,000.

(f)    **"Rights of Way"** shall mean the following easements and

rights of way on the Property that are necessary to install and construct the Project:

---

[1]    The FERC Order is a matter of public record that is subject to judicial notice
under Fed. R. Evid. 201.  A true and correct copy of the relevant excerpts of
the FERC Order will be attached as Exhibit A to Constitution's Motion for
Partial Summary Judgment.  The full FERC Order is available at
http://elibrary.ferc.gov/idmws/common/opennat.asp?fileID=13699722#.

(i)     A permanent right of way and easement, containing 1.84
        acres, as described as "Area of Permanent Right of Way"
        in Exhibit A attached to the Verified Complaint, for the
        purpose of constructing, operating, maintaining, altering,
        repairing, changing the size of, replacing and removing a
        pipeline and all related equipment and appurtenances
        thereto (including but not limited to meters, fittings, tie-
        overs, valves, cathodic protection equipment and
        launchers and receivers) for the transportation of  natural
        gas, or its byproducts, and other substances as approved
        by the Federal Energy Regulatory Commission pursuant
        to the Natural Gas Act and the Order of the Federal
        Energy Regulatory Commission dated
        December 2, 2014, Docket Nos. CP13-499-000 and
        CP13-502-000, 149 FERC ¶ 61,199 (2014); together with
        all rights and benefits necessary or convenient for the full
        enjoyment or use of the right of way and easement.
        Defendants shall not build any permanent structures on
        said permanent right of way or any part thereof, shall not
        change the grade of said permanent right of way, or any
        part thereof, shall not plant trees on said permanent right
        of way, or any part thereof, or use said permanent right of
        way or any part thereof for a road, or use said permanent
        right of way or any part thereof in such a way as to
        interfere with Plaintiff's immediate and unimpeded
        access to said permanent right of way, or otherwise
        interfere with Plaintiff's lawful exercise of any of the
        rights herein granted without first having obtained
        Plaintiff's approval in writing, and Defendants will not
        permit others to do any of said acts without first having
        obtained Plaintiff's approval in writing.  Within the
        permanent right of way, Plaintiff shall also have the right
        from time to time at no additional cost to Defendants to
        cut and remove all trees including trees considered as a
        growing crop, all undergrowth and any other obstructions
        that may injure, endanger or interfere with the
        construction and use of said pipeline and all related
        equipment and appurtenances thereto.

(ii)   Temporary easements of 3.33 acres, as described as "Area of Temporary Workspace" and "Area of Additional Temporary Workspace" in Exhibit A attached to the Verified Complaint, for use during the pipeline construction and restoration period only for the purpose of ingress, egress and regress and to enter upon, clear off and use for construction and all activities required by the Order of the Federal Energy Regulatory Commission dated December 2, 2014, Docket Nos. CP13-499-000 and CP13-502-000, 149 FERC ¶ 61,199 (2014).

(g)   **"Appraised Value"** shall mean the fair market value of the Rights of Way sought to be condemned, as set forth in an appraisal prepared by an independent appraiser retained by Constitution. The appraisal values the Rights of Way sought to be condemned at $23,000.00.

(h)   **"Landowners"** shall mean Michael W. Zeffer, Maryann Zeffer, Patricia M. Glover, Catherine M. Holleran, the owners of the Property on which Constitution is seeking to acquire the Rights of Way; the Landowners are individuals residing at 1341 Three Lakes Road, New Milford, PA 18834, 2131 Three Lakes Road, New Milford, PA 18834, 974 Turkey Pen Road, Longs, SC 29568, and 2749 Stephens Road, New Milford, PA 18834.

(i)    **"Interest Holders"**[2] shall mean:

- Leasehold interests:

> WPX Energy Keystone, LLC
> C/O CT Corporation System
> 2001 Market Street - 5th Floor
> 2 Commerce Square
> Philadelphia, PA 19103
>
> Southwestern Energy Production Company
> C/O CT Corporation System
> 116 Pine Street, Suite 320
> Harrisburg, PA 17101

(j)    **"Defendants"** shall collectively refer to the Landowners,

Interest Holders, and any Unknown Owners.

## PARTIES, JURISDICTION AND VENUE

2.    Constitution is the Plaintiff and is jointly owned by Williams Partners

Operating, LLC, Cabot Pipeline Holdings, LLC, Piedmont Constitution Pipeline

Company, LLC and WGL Midstream CP, LLC.  Williams Gas Pipeline Company,

LLC will be the operator of the new proposed pipeline.

---

[2]    Constitution has not yet verified the identity, property interest and service address of any persons that may hold a mortgage, lien or judgment of record against the Property.  In accordance with Fed. R. Civ. P. 71.1(c)(3) and 71.1(f), Constitution will amend its Complaint to name any such interest holders prior to any hearing on compensation.

756352.2 12/24/2014

3.     Defendants are the Landowners, Interest Holders, and all Unknown Owners of the Property on which Constitution is seeking to acquire the Rights of Way.

4.     This is a civil action brought under Federal Rule of Civil Procedure 71.1 by Constitution for the taking of the Rights of Way on the Property that are necessary to install and construct pipeline facilities as part of the Project.

5.     Constitution's authority to maintain the action in this Court derives from the Natural Gas Act, 15 U.S.C.A. §§ 717a, *et seq*. (the "Natural Gas Act"). Section 717f(h) states in relevant part:

> **When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located**, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C.A. § 717f(h) (emphasis added).

6.      Venue is appropriate in the Middle District of Pennsylvania because the Property is located in Susquehanna County, within the District.

7.      On December 2, 2014, the FERC issued the FERC Order to Constitution approving the Project, authorizing Constitution to construct and operate approximately 124 miles of new 30-inch diameter natural gas pipeline and associated equipment and facilities in Pennsylvania and New York. The FERC Order granted approval for Constitution to construct and operate the new pipeline along with a receipt meter station in Susquehanna County, Pennsylvania, a receipt tap in Susquehanna County, Pennsylvania, a meter, regulation and delivery station at Iroquois' Wright Compressor Station property in Schoharie County, New York, mainline valve assemblies at 11 locations along the pipeline, pig launcher/receiver facilities and pig trap valves at the meter stations, and cathodic protection and other related appurtenant facilities. FERC Order, ¶ 6.

8.      Constitution is the holder of a certificate of public convenience and necessity issued by the FERC – the FERC Order.

9.      Under the Natural Gas Act, the holder of a certificate of public convenience and necessity has the power to condemn land for a federally approved natural gas pipeline project if:

756352.2 12/24/2014

(a)    the company has been granted a Certificate of Public convenience and Necessity from the FERC,

(b)    the company has been unable to acquire the needed land by contract with the owner, and

(c)    the value of the property at issue is claimed by the landowner at more than $3,000.

15 U.S.C. § 717f(h); see Columbia Gas Transmission, LLC v. 1.01 Acres, 768 F.3d

300, 304 (3d Cir. 2014); E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 827-28

(4th Cir. 2004).

10.    Constitution meets these three requirements, as detailed below.

## CONSTITUTION IS A HOLDER OF A CERTIFICATE OF PUBLIC CONVENIENCE AND NECESSITY

11.    On June 13, 2013, Constitution filed an application with the FERC for

a certificate of public convenience and necessity for its Project to construct new

pipeline facilities in Pennsylvania and New York.  The Project will result in the

delivery of up to 650,000 Dth per day of natural gas supply to meet the increased

needs of customers in the New York and New England market areas.  The Project

also will provide new natural gas service for areas currently without access to

natural gas, expand access to multiple sources of natural gas supply, improve

operational performance, system flexibility and reliability in the New York and

New England market areas and optimize the existing systems for the benefit of

both current and new customers.

756352.2 12/24/2014

12.     Constitution's Project underwent an extensive review process.  The

FERC evaluated the public need for the Project (referred to as the "public

convenience and necessity" under Section 7(c) of the Natural Gas Act), and

completed a thorough review of environmental impacts and operational

considerations before issuing the FERC Order authorizing the Project.

13.     The public was notified of the Project and provided an opportunity to

comment through the following notices: (a) a Notice of Intent to Prepare an

Environmental Impact Statement for the Planned Constitution Pipeline and Wright

Interconnect Projects, Request for Comments on Environmental Issues and Notice

of Public Scoping Meetings ("NOI") on September 7, 2012 in Docket No. PF12-9-

000 (the FERC's pre-filing docket number for the Project), which was published in

the Federal Register on September 14, 2012 and sent to more than 2,100 interested

entities on the staff's environmental mailing list, including federal, state, and local

agencies; elected officials; environmental and public interest groups; Native

American tribes; potentially affected landowners as defined in the Commission's

regulations (i.e., landowners crossed or adjacent to pipeline facilities or within 0.5

mile of a compressor station); local libraries and newspapers; and other

stakeholders who had indicated an interest in the project; (b) a Notice of Public

Scoping Meeting and Extension of Scoping Period for the Planned Constitution

Pipeline Project on October 9, 2012 after an additional alternative route was

identified by the FERC, which was published in the <u>Federal Register</u> on October 16, 2012, and mailed to more than 3,300 interested entities as noted above; (c) a Notice of Constitution's certificate application in Docket No. CP13-499-000, which was published in the <u>Federal Register</u> on July 2, 2013; and (d) a Notice of the draft Environmental Impact Statement ("EIS") in Docket Nos. CP13-499-000 and CP13-502-000, which was published in the <u>Federal Register</u> on February 20, 2014 and mailed to the environmental mailing list including additional interested entities; and (e) a Notice announcing the availability of the final EIS for the Project in Docket Nos. CP13-499-000 and CP13-502-000, which was published in the <u>Federal Register</u> on October 31, 2014 and mailed to the same parties as the notice of the draft EIS, as well as to additional parties that commented on the draft EIS.

14.    The FERC held scoping meetings, noticed the certificate application and EIS for the Project as referenced above, and considered hundreds of comments from a number of parties, including federal, state, and local agencies; elected officials; environmental and public interest groups; potentially affected landowners; and other interested stakeholders before issuing the FERC Order.

15.    When evaluating applications for certificates to construct new pipeline facilities, the FERC takes guidance from the Certificate Policy Statement, <u>Certification of New Interstate Natural Gas Pipeline Facilities</u>, 88 FERC ¶ 61,227

11

(1999), clarified, 90 FERC ¶ 61,128 (2000), further certified, 92 FERC ¶ 61,094

(2000).

> The Certificate Policy Statement establishes criteria for determining whether there is a need for a proposed project and whether the proposed project will serve the public interest. The Certificate Policy Statement explains that in deciding whether to authorize the construction of major new facilities, the Commission balances the public benefits against the potential adverse consequences. The Commission's goal is to give appropriate consideration to the enhancement of competitive transportation alternatives, the possibility of overbuilding, subsidization by existing customers, the applicant's responsibility for unsubscribed capacity, the avoidance of unnecessary disruptions of the environment, and the unneeded exercise of eminent domain in evaluating new pipeline construction.

FERC Order, ¶ 22.

16.     On December 2, 2014, the FERC approved the Project and issued the FERC Order.

17.     The FERC Order authorizes Constitution, among other things, to construct and install a new 30-inch pipeline and the facilities described above.

18.     The Rights of Way on the Property are required to construct, install, operate and maintain the pipeline facilities approved in the FERC Order.

19.     The Rights of Way are more fully depicted and identified in the drawings attached hereto as Exhibit A, which is incorporated by reference.

20.    The Rights of Way sought to be acquired on the Property were reviewed and approved by FERC prior to the issuance of the FERC Order.

21.    In issuing the FERC Order, the FERC considered the impact on landowners and communities along the route of the Project.  The FERC noted that "Constitution participated in the Commission's pre-filing process and has been working to address landowners concerns and questions.  Constitution has made changes to over 50 percent of the proposed pipeline route in order to address concerns from landowners and to negotiate mutually acceptable easement agreements."  The FERC concluded that " Constitution has taken sufficient steps to minimize adverse economic impacts on landowners and surrounding communities."  FERC Order, ¶ 26.

22.    The FERC further found that "a significant loss of property value due to construction of a pipeline is not supported by the literature."  FERC Order, ¶ 95.

23.    The FERC concluded that "the benefits that the Constitution Pipeline Project will provide to the market outweigh any adverse effects on existing shippers, other pipelines and their captive customers, and on landowners and surrounding communities.  Consistent with the criteria discussed in the Certificate Policy Statement and subject to the environmental discussion below, we find that the public convenience and necessity requires approval of Constitution's proposal, as conditioned in this order."  FERC Order, ¶ 29.

24.     Accordingly, Constitution has a valid FERC Order covering the Rights of Way sought in this Action.

25.     Constitution has satisfied the first condition for the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

## CONSTITUTION HAS BEEN UNABLE TO ACQUIRE THE RIGHTS OF WAY BY AGREEMENT

26.     Constitution, by its agents, contacted Landowners numerous times for the purpose of negotiating the acquisition of the Rights of Way.

27.     A copy of the appraisal setting forth the Appraised Value was provided to the Landowners.

28.     Constitution offered an amount that is higher than the Appraised Value.

29.     Landowners rejected, or otherwise did not accept, Constitution's offer.

30.     Constitution is unable to acquire the Rights of Way by contract or to agree on the compensation to be paid for the Rights of Way with the Landowners.

31.     Accordingly, Constitution has satisfied the second condition required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

## CONSTITUTION HAS OFFERED AT LEAST
## $3,000 FOR THE RIGHTS OF WAY

32.     Constitution offered to pay Landowners at least $3,000 for the Rights of Way.

33.     Constitution has satisfied the third condition required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act.

34.     Constitution has satisfied all statutory requirements and is authorized to exercise eminent domain under Section 7(h) of the Natural Gas Act.

756352.2 12/24/2014

WHEREFORE, Constitution requests that the Court issue an Order and demands judgment against the Rights of Way and Defendants, as follows:

(1)     An Order of Condemnation that Constitution has the substantive right to condemn the Rights of Way;

(2)     Fix the compensation to be paid to Defendants for the Rights of Way;

(3)     Grant title to the Rights of Way to Constitution; and

(4)     Any other lawful and proper relief.

Respectfully submitted,

**SAUL EWING LLP**

s/ Elizabeth U. Witmer
Elizabeth U. Witmer, Esq. (55808)
Sean T. O'Neill, Esq. (205595)
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087-5569
(610) 251-5062
ewitmer@saul.com
soneill@saul.com

*Attorneys for Plaintiff Constitution Pipeline Company, LLC*

Dated:      December 22, 2014

756352.2 12/24/2014

## **VERIFICATION**

I, Matthew Swift, verify that I am authorized to make this Verification on behalf of Constitution Pipeline Company, LLC, and that the facts set forth in the foregoing Verified Complaint in Condemnation are true and correct to the best of my knowledge, information and belief. I understand that I am making this Verification subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

 

 

_____

Matthew Swift

Date: December 22, 2014

# EXHIBIT "A"





NOTES:

1. APPROXIMATE TOTALS:

2. LENGTH OF PIPELINE . . . . . . . . . . . . . . . . . . . . . . . . 1670.53'

AREA OF PERMANENT RIGHT OF WAY . . . . . . . . . . . . . 1.84 AC.

AREA OF TEMPORARY WORKSPACE . . . . . . . . . . . . . . 2.09 AC.

AREA OF ADDITIONAL TEMPORARY WORKSPACE . . . . . . . 1.24 AC.

THE INFORMATION SHOWN ON THIS DRAWING IS FROM ASSESSOR'S MAPS AND
FOR THE SOLE PURPOSE OF CREATING A RIGHT OF WAY ACQUISITION EXHIBIT
AND REPRESENTS CONDITIONS AS THEY EXIST AT THE COUNTY CLERK'S RECORDS
OFFICE. PROPERTY BOUNDARIES SHOWN ARE BASED ON COUNTY ASSESSOR'S
MAPS. NO CIVIL SURVEY OF THE EASEMENT AREA HAS BEEN PERFORMED. THE
ACREAGES SHOWN ARE APPROXIMATE.

8/4/14

PA LICENSE LAND SURVEYOR NO. SU-075159          DATE:
CHARLES M. SETTLECOWSKI

| DRAWING NO. | | REFERENCE TITLE | | | | | |
|---|---|---|---|---|---|---|---|
| 26-03-70/0001-06 | | ALIGNMENT SHEET | | | | | |

CONSTITUTION PIPELINE COMPANY, LLC
PROPOSED 30" NATURAL GAS PIPELINE
CROSSING PROPERTY OF
MICHAEL W. ZEFFER, et al
NEW MILFORD TOWNSHIP
SUSQUEHANNA COUNTY, PENNSYLVANIA

| NO. | DATE | BY | REVISION DESCRIPTION | W.O. NO. | CHK. | APP. | DRAWN BY: CIE | DATE: 04-26-13 | ISSUED FOR BID: | | SCALE: 1"= 200' |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 01-08-14 | CIE | ISSUED FOR CONDEMNATION APPROVAL | 1110415 | | | CHECKED BY: JR | DATE: 08-20-13 | ISSUED FOR CONSTRUCTION | | |
| B | 07-08-14 | CIE | REVISED - ISSUED FOR CONDEMNATION APPROVAL | 1110415 | | | APPROVED BY: CMS | DATE: 07-28-14 | DRAWING NUMBER 26-06-70/5.26-2-0 | | SHEET 2 |
| 0 | 07-28-14 | CIE | APPROVED | 1110415 | | | WO: 1110415 | | | | OF 2 |